# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| CHRISTOPHER JONES | CIVIL ACTION NO. 18-cv-1494 |
| VERSUS | CHIEF JUDGE HICKS |
| USAA CASUALTY INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Christopher Jones ("Plaintiff") filed suit in state court against USAA Casualty Insurance Co. for property damages allegedly due under a homeowner's insurance policy. USAA removed the case based on an assertion of diversity jurisdiction, which puts the burden on USAA to allege with specificity facts that support subject matter jurisdiction. The notice of removal appears to be adequate with regard to the amount in controversy, but there are some issues with respect to the citizenship of the parties.

The notice of removal alleges that Plaintiff is a "resident of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Plaintiff alleges in the opening paragraph of his petition that he is "domiciled in the Parish of Caddo, State of Louisiana," which appears to cure this issue. It would be preferable, however, if a specific allegation of Plaintiff's domicile/citizenship were included in an

Amended Notice of Removal so that any reviewing judge or court could find all relevant jurisdictional allegations without searching the record.

USAA alleges in its notice of removal that it is "incorporated in the State of Texas with its principal place of business in San Antonio, Texas." This allegation implies that USAA is a corporation, but that is not alleged with specificity. If USAA is an unincorporated association or other form of entity, the rules for alleging its citizenship will be different. The citizenship of an unincorporated association is determined by the citizenship of all of its members, with its state of organization or principal place of business irrelevant. Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

Some USAA insurers have been recognized as reciprocal insurance exchanges under Texas law that are unincorporated associations. They have members in all 50 states, including Louisiana, which destroys diversity. See Lewis v. USAA, 1994 WL 717650 (8th Cir. 1994); United Servs. Auto. Ass'n v. Omega Flex, Inc., 2011 WL 1740192 (D. Neb. 2011); Isidore v. USAA Ins. Co., 2009 WL 1564807 (E.D. La. 2009); and Norton v. Gurley, 2000 WL 1408168 (E.D. La. 2000). Removing counsel should determine with certainty this USAA entity's legal form and then plead with specificity that form of organization and its citizenship in accordance with the applicable rules. The deadline to file an Amended Notice of Removal to address these issues is **December 7, 2018**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November, 2018.

Mark L. Hornsby
U.S. Magistrate Judge